In re Stanley Barry MANN, Debtor.

Stuart E. RISSMAN; Deborah E. Winer and Leslie A. Blozan, Plaintiffs,

v.

Stanley Barry MANN, Defendant.

Bankruptcy No. 89–00434–BKC–TCB.
Adv. No. 89–0210–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

July 13, 1989.

Martin L. Sandler, Taylor, Brion, Buker & Greene, Miami, Fla., for plaintiffs.

Leslie Gern Cloyd, Ackerman, Bakst & Lauer, P.A., West Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

Plaintiff Leslie A. Blozan seeks denial of the debtor's discharge under 11 U.S.C. § 727(a)(3). Plaintiffs Rissman and Winer abandoned this action and voluntarily dismissed their further involvement in prosecuting the complaint.

At the trial, this court's rulings were announced denying plaintiff's motion to file an amended complaint and partially granting defendant's motion to dismiss plaintiff's causes of action under §§ 523(a)(2)(A) and (a)(4) and 727(a)(5). Separate orders (CP 30 and 31) have been entered with respect to the pleadings.

The debtor has answered and the matter was tried on June 27.

I now conclude that discharge must be denied under § 727(a)(3).

A discharge must be denied under § 727(a)(3) to a debtor who has:

"failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case."

The debtor has presented at trial a box of records for the years 1984–86 and an inventory of files and documents (Ex. C). The debtor argues that this box of records is adequate under § 727 and that his failure to maintain financial records after March 1986 is justified by the circumstance that he was not engaged in any business after he closed his California law practice.

The debtor ran his own law practice since 1984. He had an operation for cancer in 1985. Later in 1985, he had a mental breakdown and a problem with drugs. He has since recovered. He closed his practice in March 1986. He filed his bankruptcy petition on January 30, 1989.

The debtor frames the issue as:

"whether it is necessary for a debtor in bankruptcy to maintain a personal checking account for the two years prior to the filing of his bankruptcy, where the debtor is not engaged in any business." (CP 32 at 2).

I reject this position because the debtor

misstates[1] what is required of a debtor who has engaged in transactions in which substantial sums were either dissipated or turned over to third parties.

From the time he closed his law office, the debtor turned over substantial funds to his father, including proceeds from the sale of assets and a $35,000 account receivable from his law practice. He relies on his father's cancelled checks to provide a record of his financial affairs for 1987, 1988 and a portion of 1989. The debtor's assets included a home subject to foreclosure in 1987 and four expensive automobiles, a Porsche, a Ferrari, a Cadillac and a limousine. He sold the Porsche in 1987 for $16,000. He disposed of most of his personal effects except for items he has stored in a warehouse, which he claims have minimal value. During 1987 he obtained a bank loan for the purpose of settling debts on his home, to the IRS and to his father.

I find that the debtor collected at least one substantial account from his law practice, and therefore the wind-up of the practice required some adequate means to make the determination of what, if any, other accounts were owing and collectible. Quite apart from the law practice, the debtor's financial affairs extended beyond his office and business because of the extensive and valuable personal assets he disposed of.

The debtor has failed to keep sufficient records from which his present financial condition could be determined and his financial dealings verified. His father's cancelled checks do not substantially reflect the debtor's financial status.

There are isolated instances in which no duty to keep records arises. 4 *Collier on Bankruptcy* ¶ 727.03[3] nn. 31 and 32 (15th Ed.1989). However, this case does not fall in that category. This debtor is not an individual unacquainted with business practices whose conduct might be excused. I do not think he offered a sufficient excuse for failing to keep any records by saying that the circumstances of going through an operation for cancer, having a mental col-

lapse and a drug dependency problem relieved him of all financial accountability, when his financial dealings were of this magnitude and he was a sophisticated well-educated professional. This justification is not an excuse of circumstances which were beyond his capacity to cope with.

The effectiveness of a bankruptcy administration rests in large part on access to a debtor's financial records. It is for this reason that discharges are denied those debtors who fail to meet the standards specified under § 727.

I find that the plaintiff has carried its burden of proving under § 727(a)(3) that the debtor has failed to keep sufficient recorded information from which the debtor's financial condition might be ascertained and that the debtor's failure to keep such records was not justified.

As is required by B.R. 9021, a separate judgment will be entered denying discharge under § 727(a)(3). Costs may be taxed on motion.

DONE and ORDERED.

---

1. Defendant's reliance on *In re Goblick* 93 B.R. 771, 775 (Bankr.M.D.Fla.1988) is unconvincing, as the debtor in that case who did not receive any revenue from any job was a *housewife* with no independent income.